## NUÑEZ *v.* TIBOT.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 61. Resuelto en Marzo 13, 1905.

ASIENTOS DE LAS ANTIGUAS ANOTADURÍAS.—PETICIÓN DE TRASLADO Á LOS MODERNOS LIBROS DEL REGISTRO.—TÍTULOS.—Las peticiones de un mandatario verbal solicitando el traslado de unos asientos de los antiguos, á los modernos, libros del Registro, no pueden tener el carácter de títulos á los efectos de la inscripción.

ID.—Se entiende por título, á los efectos de la inscripción, el documento público y fehaciente, entre vivos ó por causa de muerte, en que se funde su derecho, sobre el inmueble, ó derecho real, la persona á cuyo favor deba hacerse la inscripción.

ID.—NULIDAD DE INSCRIPCIONES.—No teniendo el carácter de títulos, las peticiones de traslado de asientos de los antiguos á los modernos libros del Registro, la circunstancia de que las referidas peticiones fueren nulas, no es suficiente para producir la nulidad de las inscripciones hechas por virtud de las mismas.

ID.—RATIFICACIÓN DE LAS PETICIONES DE TRASLADO.—Los Registradores están en el deber de notificar en cada caso á los interesados, para que procedan dentro del término de un año concedido para las traslaciones, á ratificar las peticiones hechas por sus mandatarios verbales, y no apareciendo que tal deber del Registrador se hubiere cumplido, y verificada la ratificación fuera del término concedido para ello, esa circunstancia no es suficiente por sí sola para declarar la nulidad de tales peticiones, ni puede la omisión del Registrador perjudicar los derechos del mandante.

ID.—CANCELACIÓN DE LOS ASIENTOS TRASLADADOS DE LOS ANTIGUOS Á LOS MODER-NOS LIBROS.—La cancelación de las inscripciones extendidas en los antiguos libros y trasladadas á los modernos, se verificará con arreglo á lo prescrito en el Título Cuarto de la Ley Hipotecaria.

ID.—CANCELACIÓN DE INSCRIPCIÓN.—La cancelación total de una inscripción solo debeiá decretarse, según la Ley Hipotecaria, entre otros casos, cuando se declare su nulidad por falta de algunos de los requisitos esenciales á que se refiere el art. 9 de la misma Ley.

ID.—Aún cuando la traslación de asientos de los antiguos á los modernos libros, no se hubiere verificado con todas las formalidades que exige la ley, sin embargo, si el Registrador hubiere verificado las inscripciones, no puede imputarse cargo alguno al interesado en el derecho real inscrito, al extremo de declarar nulas las inscripciones por motivos distintos de los que, según la Ley Hipotecaria, pueden producir su nulidad.

ID.—DEFECTOS QUE NO TENGAN SU ORIGEN EN LOS TÍTULOS.—Cuando los motivos en que se funde la petición de nulidad de unas inscripciones, no tengan su origen en algún defecto de los títulos inscritos, y consistan en la omisión de formalidades que debió tener en cuenta el Registrador, no procede la cancelación de tales inscripciones, una vez extendidas en los libros, sino por los motivos, y en la forma, que prescriben la Ley y Reglamento Hipotecarios.

ID.—NOTA MARGINAL DE RECLAMACIÓN DE NULIDAD.—Cuando se desechare la reclamación de nulidad de unas inscripciones, y tal reclamación se hubiere anotado marginalmente en el Registro, la desestimación de la misma deberá ponerse en conocimiento del Registrador, á fin de que éste proceda á verificar la cancelación de dicha anotación marginal.

COSTAS.—Las costas deben imponerse á la parte cuyas pretensiones hubieren sido totalmente desestimadas.

## EXPOSICIÓN DEL CASO.

En los autos del juicio civil ordinario seguidos en la Corte de Distrito de San Juan entre partes de una, como demandante, Doña Isabel Nuñez y Rivera y de la otra, como demandado, Don José R. Tibot y Fuentes, sobre nulidad de peticiones é inscripciones en el Registro de la Propiedad y pretensión de cancelación de las mismas, autos pendientes ante Nos á virtud del recurso de apelación interpuesto contra la sentencia pronunciada por la referida Corte de Distrito, que copiada á la letra dice así:

"Sentencia. En la Ciudad de San Juan de Puerto Rico, á doce de Marzo de 1904; vistos en juicio oral y público estos autos sobre nulidad seguidos ante este Tribunal entre partes, de una, Da. Isabel Núñez y Rivera, como demandante, representada por el Letrado D. Antonio Sarmiento y Porras, y de la otra, como demandado, D. José Tibot y Fuentes, representado por el abogado Don Cruz Castro.

1o.—Resultando: que Da. Isabel Núñez de Rivera demandó á D. José R. Tibot y Fuentes, pidiendo se declararan nulas y sin ningún

valor ni efecto las peticiones hechas por D. Angel Fernández Um-pierre diciéndose mandatario verbal de Tibot que produjeron las inscripciones 1a., 2a. y 3a. de la finca número 719 de Bayamón, folios 207 y siguientes del tomo 13 de dicho pueblo, dirigidas al Registrador de la Propiedad de esta Capital, nulas dichas inscrip-ciones y que se manden cancelar, dirigiéndose mandamiento por du-plicado para llevarlo á efecto, con las costas á Tibot; sentando como hechos: que en 20 de Septiembre de 1870, Don Juan Basilio Núñez otorgó ante el Notario Don Demetrio Giménez, escritura pública reconociéndose deudor de Don Vicente Rodríguez por 1600 escudos garantizándolos con hipoteca sobre la estancia Aurora de 142 cuerdas, barrio de Juan Sánchez, de Bayamón, lindante con las haciendas "Isleta" y "Santa Cruz", Octavio Zárate, Sucesión Mascaró y Juana Puntao: cuya hipoteca se inscribió en la Anotaduría de Hipotecas al folio 46 vuelto, número 42, libro 23 antiguo, traspasando Don Vicente Rodríguez en 21 de Noviembre de 1870 á Don José R. Ti-bot y Fuentes ese crédito por ante el Notario de Bayamón Don Ra-món Rodríguez, sin que el traspaso se anotara en el Registro ni se pidiera por el presunto acreedor la traslación de la hipoteca de los antiguos á los modernos libros del Registro; pero en 1894, Don Angel Fernández Umpierre, diciéndose mandatario verbal de Tibot, solicitó y obtuvo la inscripción de la propiedad de la finca descrita á nombre de Don Juan Basilio Núñez, la traslación de la antigua inscripción de la cesión de la hipoteca á Tibot en 4 de Marzo, pri-mero y cuatro de Junio de 1894, constituyéndose las inscripciones primera, segunda y tercera de la finca, folio y tomo antes citados; que las solicitudes al Registrador de las inscripciones mencionadas como mandatario verbal, no aparecen del Registro que hayan sido ratificadas por el interesado dentro del término de la ley, ni hasta la fecha; siendo el derecho el art. 397 de la Ley Hipotecaria, 450 del Reglamento, Real Decreto de 18 de Junio de 1895, artículo cuarto del Código Civil y Sección 63 de la Orden General número 118.—2o.—Resultando: que además se pidió por otro si, según el artículo 88 del Reglamento de la Ley Hipotecaria, se librara man-damiento al Registrador de la Propiedad para la anotación marginal de la reclamación que fué practicada.—3o.—Resultando: que el de-mandado contestó solicitando se desestimara la demanda con las costas, declarando válidas y subsistentes las inscripciones trasladadas, sentando como hechos: la adquisición por cesión ya expresada; que el mandatario Fernández obtuvo el traslado de los asientos de hipoteca del antiguo al moderno Registro, que ningún precepto cohibía la

intervención del mandatario en estos asuntos ni ordenaba la rati-
ficación del mandante, recayendo después en 1895 la Real Orden
que sirve de escudo al deudor, sin fijarse en los apartados 13 y
14 de ella; que Tibot desconocía esa Real Orden por ser propietario
rural dedicado á sus habituales ocupaciones; que en 6 de Junio de
1894, Tibot estableció demanda ejecutiva en el Juzgado de Vega-
Baja reclamando el crédito hipotecario de referencia: siendo el de-
recho los artículos 1091, 1100, 1857 y 1866 del Código Civil y la
Orden General número 118, serie de 1899, respecto á costas.—4o.—
Resultando de las pruebas del actor: que el Registrador de la
Propiedad certifica que al folio 209, tomo 13 de Bayamón finca 719,
inscripción primera, aparece inscrita á favor de Don Juan Basilio
Núñez el dominio por título de compra de la finca cuya descripción
y colindancias se han expresado, y se halla afecta á una hipoteca
por 1600 escudos á favor de Don Vicente Rodríguez inscrita al
folio 46 vuelto número 9o. del Libro 23 antiguo, todo lo que consta
en el Registro, de la primera copia de la escritura que en él se men-
ciona y de un escrito adicional firmado por Don Angel Fernández
Umpierre como mandatario verbal de Don José R. Tibot, acreedor
que expresa ser de Don Juan Basilio Núñez, á 29 de Febrero último
quedando archivado el escrito en el legajo de documentos privados
bajo el número 16 firmando el Registrador la conformidad de lo
dicho en 9 de Marzo de 1894 y al márgen la nota de la reclamación
de la nulidad de la inscripción en declarativo, según mandamiento
de este Tribunal, la que es de fecha 30 de Noviembre de 1903; que
al folio 209 del citado tomo y finca existe un asiento: 2a. Rústica
estancia denominada "Aurora" barrio de Juan Sánchez, de Bayamón,
de haberse confesado Don Juan Basilio Núñez por la escritura ante
Don Demetrio Giménez del 24, ser deudor á Don Vicente Rodríguez
de 1600 escudos, cuya suma ofrece satisfacerla en cuatro meses de la
fecha y mientras el interés de 2% mensual, hipotecando la estancia
"Aurora" ya referida, concordando lo trasladado con el asiento á
que se remite, del que resulta es dueño Vicente Rodríguez de la
hipoteca inscribiéndose á su favor, constando todo del Registro y
de la solicitud firmada por Don Angel Fernández Umpierre como
mandatario verbal del mencionado Tibot, cesionario que expresa
ser de Rodríguez en 9 de Abril, solicitud que le ha sido entregada
y archivada, llevando fecha el asiento de primero de Junio de 1894
y al margen dos notas, la una de cedido el crédito por la inscrip-
ción tercera, y la otra de reclamación de nulidad ya referida.—
5o. Resultando: que en dicha certificación aparece al folio 210

del citado tomo y finca, existe la tercera inscripción de la transferencia á Don José R. Tibot por don Vicente Rodríguez de la carga relacionada en la segunda, llevando fecha 4 de Junio de 1894 y al margen una nota de la reclamación de nulidad mencionada, constando también del legajo de documentos privados de 1894 un escrito que copia y contiene en extracto, estar dirigido al Registrador, encabezado y firmado por Don Angel Fernández Umpierre, mandatario verbal de Don José R. Tibot, manifestando que siendo acreedor hipotecario de Don Juan Basilio Núñez le interesa se inscriba á favor de éste la estancia "Aurora" que describe: encontrándose otro escrito al Registrador dirigido, encabezado y firmado por dicho Fernández Umpierre como mandatario verbal del repetido Tibot, exponiendo que inscrita la finca á favor de Don Juan Basilio Núñez, quien la hipotecó á Don Vicente Rodríguez, cediéndola éste á Tibot, debe procederse á la traslación del asiento (92) digo número 92, folio 46 vuelto del libro 23 antiguo, acompañando el título escrito de fecha 9 de Abril de 1894, apareciendo al calce de él "hecha la traslación que se refiere en el tomo 107 archivo 13, Bayamón" citando folio y finca en Junio primero de 1894: y al folio 7 vuelto del tomo 22 del Diario existe un asiento número 23 que dice: "equivocado el asiento de presentación por cuanto en el documento presentado se solicita la ratificación y no la rectificación como por error se ha consignado, lo rectifica, llevando fecha 23 de Enero de 1896, siguiendo la nota "por rectificación": "No admitida la extensión de la nota de ratificación á que se refiere el asiento adjunto, porque ni la Ley Hipotecaria, ni la Real Orden de 18 de Junio de 1895, autoriza á los interesados para ratificar inscripciones hechas en el Registro, limitándose á disponer que las solicitudes de traslados presentadas por mandatario verbal sean ratificadas por los interesados dentro del año concedido para las traslaciones."—6o. Resultando: que de la prueba del demandado aparece que el Registrador certifica que al folio 209 tomo 13 de Bayamón, finca y número ya repetidos, figura la estancia "Aurora" inscrita á favor de Don Juan Basilio Núñez en la inscripción primera, en la actualidad subsistente, si bien al margen existe una nota de reclamación de nulidad, objeto de este pleito; que de la prueba del demandamencionada fué hecha á instancia de Don Angel Fernández Umpierre, mandatario verbal del ya repetido Tibot, acreedor que expresó ser de Don Juan Basilio Núñez, según escrito de 29 de Febrero de 1894: que al folio 289 vuelto del tomo 21 del Diario hay un asiento 1046 en el que Don José R. Tibot presenta á las tres y cinco

minutos de la tarde un escrito por él firmado en 12 de Enero de 1904 solicitando la rectificación de la inscripción del traslado de una hipoteca por 1600 escudos verificada á instancia de Don Angel Fernández Umpiérre á favor de Don Vicente Rodríguez sobre la estancia "Aurora", barrio y pueblo ya designados anteriormente, propiedad de Don Junan Basilio Núñez y la rectificación de las inscripciones segunda y tercera de dicha finca y al margen del asiento nota: "Rectificado por el asiento número 23 del tomo 22 del Diario" que dice equivocado el asiento de presentación número 1046 por cuanto se solicita la ratificación por nota marginal de la inscripción del traslado á que se refiere y no la rectificación, lo rectifico, siguiendo la rectificación y apareciendo firmado el asiento por José R. Tibot y el Registrador en 23 de Enero de 1904 y al margen del asiento de rectificación que copia "Por rectificación del asiento 1046: No admitida la extensión de la nota de ratificación á que se refiere, con lo demás expuesto y relacionado en el *Resultando anterior* del demandante en su final por ser idéntico en una y otra prueba.—7o. Resultando: que señalado día para la celebración del juicio oral, informaron los defensores de las partes lo que estimaron conveniente á sus derechos, votándose la sentencia por mayoría el día señalado.—Siendo Ponente el Juez Asociado Don José Tous y Soto.—1o. Considerando: que siendo la única cuestión en este pleito debatida la relativa á la nulidad de los asientos referentes á la estancia "Aurora" trasladados de los antiguos á los nuevos libros del Registro de la Propiedad, por haberse verificado á solicitud de mandatario verbal, no ratificada por los interesados ni antes ni después del término concedido para las traslaciones de gravámenes, no es posible discutir en esta sentencia otros extremos no propuestos por las partes.—2o. Considerando: que la traslación de asientos referentes á gravámenes de los antiguos á los nuevos libros es permisible en cualquier tiempo, de acuerdo con el artículo 397 de la Ley Hipotecaria, si bien el efecto de la traslación no alcanzará á tercero, si se verificó después del año concedido por la Ley Hipotecaria, y el de prórroga concedido posteriormente, de conformidad con este criterio, podrá invocarse por persona que ostente el carácter de tercero la ineficacia en lo que á su derecho afecte de la solicitud de traslación del asiento que le perjudique, hecha por mandatario verbal y no ratificada oportunamente por los interesados, de acuerdo con el número 11 de la Real Orden de 18 de Junio de 1895, pero en modo alguno la nulidad del asiento, en términos absolutos, porque la declaración de nulidad en un acto supone, según el artículo 4o. del *Código Civil*,

que tal acto se ha realizado en contravención á la ley, y en el caso presente no ha podido citarse Ley alguna que obligue al interesado en la traslación á ratificar la solicitud de su mandatario verbal dentro del año de prórroga, sino meramente una Real Orden regulando las circunstancias de las traslaciones de asientos para que produjeran el efecto de perjudicar á tercero, siendo conceptos enteramente distintos la nulidad del asiento de traslación de un gravámen sobre una finca, y la ineficacia de este gravamen en contra del dueño de la propiedad ó de otra persona.—*Vistos* el art. 397 de la Ley Hipotecaria y las Reales Ordenes de 18 de Junio de 1895 y 28 de Noviembre de 1894 y el art. 4o. del Código Civil.—*Fallamos*: que debemos declarar y declaramos sin lugar esta demanda y debemos absolver de la misma al demandado, con las costas al actor.—Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Juan Morera Martínez.—José Tous Soto. —Frank H. Richmond.''

*Resultando* que contra la anterior sentencia interpuso la representación de Doña Isabel Núñez recurso de apelación que le fué admitido libremente y en ambos efectos y que elevadas las correspondientes copias, alegó por escrito el Letrado Don Antonio Sarmiento los hechos que creyó pertinentes y la infracción de los artículos de la Ley Hipotecaria y de su Reglamento, en lo referente á la traslación de los asientos contenidos en los antiguos libros, junto con la Real Orden de 18 de Junio de 1895, alegación que fué impugnada por el abogado D. Cruz Castro, en representación del apelado Don José R. Tibot.

*Resultando* que en el acto de la vista informaron los Letrados Sarmiento, y Texidor, este último en sustitución del abogado Castro.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del apelado: *Sr. Castro* (Cruz).

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

Aceptando, en lo sustancial, los fundamentos de hecho de la sentencia apelada, y

*Considerando* que en este juicio no se ha solicitado ni
se ha discutido la nulidad de los títulos en cuya virtud se
hicieron las inscripciones primera, segunda y tercera de
la finca "Aurora" número 719, folios 209 y siguientes del
tomo 13o. del Ayuntamiento de Bayamón, sino que se so-
licita la nulidad de las peticiones hechas por Don Angel
Fernández Umpierre, como mandatario verbal de Don
José R. Tibot y Fuentes, y la de las inscripciones referi-
das, y en su consecuencia, también se pide que se cance-
len, por medio del correspondiente mandamiento, dirigi-
do al Registrador de la Propiedad de esta Ciudad.

*Considerando* que no puede entenderse que las peticio-
nes ó instancias del mandatario verbal Don Angel Fer-
nández, sean títulos, porque se entiende por título, para
todos los efectos de la inscripción, según el artículo 50
del Reglamento, y 3o. de la Ley; el documento público y
fehaciente, entre vivos ó por causa de muerte, en que fun-
de su derecho, sobre el inmueble ó derecho real, la persona
á cuyo favor deba hacerse la inscripción, y en este con-
cepto no puede sostenerse que sean nulas las inscripcio-
nes, y. que deben cancelarse por ser nulas las referidas pe-
ticiones ó instancias, amparándose en el número 3o. del
artículo 79 de la Ley Hipotecaria.

*Considerando* que planteada así la cuestión, y reconto-
cido como está en los autos, que Don José R. Tibot y
Fuentes, ratificó después de presentada esta demanda, la
petición hecha por escrito, por su mandatario verbal, hay
que estudiar si esa ratificación hecha fuera del término
de un año concedido para las traslaciones, es motivo, por
sí solo, bastante para declarar la nulidad de todas las pe-
ticiones, pero desde luego debe estarse por la negativa,
porque la misma Real Orden de 18 de Junio de 1895, que
no tiene otro alcance que la aclaración de ciertos extre-
mos de la Ley, al resolver la consulta á que se. refiere el

número 14, impone á los Registradores la obligación de notificar, en cada caso, á los interesados, para que procedan dentro del término á la ratificación, y no constando que este deber se cumpliese, no puede su omisión perjudicar en justicia al mandante, como ocurriría, si se declarasen, por tal razón, la nulidad de las solicitudes que á su nombre se hicieren.

*Considerando* que según el artículo 453, párrafo segundo, del Reglamento para la aplicación de la Ley Hipotecaria, las inscripciones que se han extendido en los libros antiguos, y que se han trasladado á los nuevos, se cancelarán con arreglo á lo prescrito en el Título Cuarto de la Ley citada.

*Considerando* que dentro de los preceptos de la Ley Hipotecaria sólo cabe acceder á la cancelación total de una inscripción, entre otros casos, cuando se declare su nulidad por falta de alguno de sus requisitos esenciales, conforme á lo dispuesto en el artículo 30 de la citada Ley, y según esta disposición, sólo son nulas las inscripciones de los títulos cuando carezcan de las circunstancias comprendidas en los números 1o., 2o., 3o., 4o., 5o., 6o. y 8o. del artículo 9o., cosa que no se ha demostrado en el presente caso, y no discutiéndose tampoco, como se ha dicho antes, la nulidad de los títulos que produjeron esas inscripciones, no se alcanza á comprender el perjuicio que de su existencia pueda sobrevenir á la parte demandante.

*Considerando* que aún en el supuesto de que las inscripciones no se hubiesen hecho con el rigorismo que la parte apelante encuentra en lo pertinente de los títulos 15 de la Ley Hipotecaria y de su Reglamento, en cuanto se refieren á la traslación de los asientos contenidos en los antiguos libros, siempre vendríamos á la conclusión de que los actos de Don Angel Fernández, como mandatario verbal

de Tibot, fueron sometidos al examen del Registrador y
éste no tuvo reparo alguno en proceder, como procedió,
á hacer las inscripciones, y siendo esto así no puede impu-
tarse cargo alguno al interesado en el derecho real inscri-
to, al extremo de declarar nulas las inscripciones, por los
motivos que se alegan, y que son distintos de los que según
la Ley Hipotecaria pueden producir su nulidad.

*Considerando* que tanto más sería improcedente la nu-
lidad pretendida cuanto que los errores ú omisiones que
advierte la parte apelante no tienen su orígen en algún
defecto de los títulos inscritos, sino en la omisión de for-
malidades que debió tener en cuenta el Registrador á su
debido tiempo, pero estando las inscripciones extendidas
en los libros no cabe su cancelación sino por los motivos
y en la forma que la ley y su reglamento prescriben.

*Considerando* que según el artículo 89 del Reglamento
para la ejecución de la Ley Hipotecaria, cuando se dese-
cha la reclamación de nulidad de inscripciones también
debe ponerse en conocimiento del Registrador para que
cancele la nota marginal de "reclamación de nulidad" si
ésta se pidió y obtuvo según dispone el artículo 88, como
ocurrió en el presente caso.

*Considerando* que las costas deben imponerse á la par-
te apelante.

Vistas las disposiciones legales citadas.

*Fallamos* que debemos confirmar y confirmamos la sen-
tencia que en 12 de Marzo del año anterior dictó la Corte
del Distrito de San Juan absolviendo al demandado de la
demanda sobre nulidad de inscripciones y cancelación de
las mismas, é imponemos las costas al apelante; comuní-
quese la ejecutoria al Registrador, á los efectos del artí-
culo 89 del Reglamento de la Ley Hipotecaria.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, MacLeary y Wolf.